UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

[Filed Electronically]

| | |
|---|---|
| JOHN C. HUNTER | ) |
| | ) |
|        PLAINTIFF | ) |
| v. | ) |
| | ) |
| PIKE COUNTY, KENTUCKY | ) |
| Serve: Ray Jones | ) |
|       Pike County Judge-Executive | ) |
|       146 Main Street | ) |
|       Pikeville, Kentucky 41501 | ) |
| -and- | ) |
| | ) |
| BRIAN MORRIS, individually | ) |
| Serve: Office of the Pike County Jailer | ) |
|       Pike County Detention Center | ) |
|       172 Division Street | ) |
|       Pikeville, Kentucky 41501 | ) |
| -and- | ) |
| | ) |
| JAMES HARDIN, individually | ) |
| Serve: Pike County Detention Center | ) |
|       136 Cedar Drive | ) |
|       Hatfield, Kentucky 41514 | ) |
| -and- | ) |
| | ) |
| JONATHAN ALLEN, individually | ) |
| Serve: Pike County Detention Center | ) |
|       172 Division Street | ) |
|       Pikeville, Kentucky 41501 | ) |
| -and- | ) |
| | ) |
| WESTON LINDSEY, individually | ) |
| Serve: Pike County Detention Center | ) |
|       172 Division Street | ) |
|       Pikeville, Kentucky 41501 | ) |
| -and- | ) |
| | ) |
| DANIELLE BLEVINS, individually | ) |
| Serve: Pike County Detention Center | ) |
|       172 Division Street | ) |
|       Pikeville, Kentucky 41501 | ) |
| -and- | ) |

|  |  |
|---|---|
| RYAN HICKS, individually<br>Serve: Pike County Detention Center<br>      172 Division Steet<br>      Pikeville, Kentucky 41501<br><br>         DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### I. Introduction

1. Plaintiff, John Hunter, is and was at all times referenced herein an inmate in the Pike County Detention Center ("the jail") located in Pikeville, Pike County, Kentucky.

2. As more specifically set forth below, Defendants Hardin and Allen instigated an unnecessary and avoidable physical confrontation with Plaintiff. Defendants Lindsey, Blevins and Hicks were witnesses to the altercation and by their failure to intervene, joined in the lengthy, violent, and one-sided altercation that started in a video monitored hallway of the jail and ended in a non-video monitored isolation cell where Plaintiff was taken. Consequently, Plaintiff experienced severe mental and physical pain and suffering, including a fractured leg. The misconduct of Defendants Hardin, Allen, Lindsey, Blevins and Hicks was a direct and foreseeable consequence of the failure of Defendants Pike County and its Jailer, Brian Morris, to enact, train on, and/or enforce policies concerning, among other things, de-escalation, treatment of inmates, the appropriate occasion for use of force and retaining employees with a history of physical abuse toward inmates.

3. It is the purpose of this action to recover the actual damages sustained by Plaintiff because of Defendants' misconduct, and punitive damages to punish Defendants' misconduct and forever deter its repetition.

### II. Jurisdiction and Venue

4. Plaintiff seeks damages from Defendants under the Civil Rights Act of 1871, 42 U.S.C. §1983, for gross and unconscionable violations of the rights, privileges and immunities guaranteed

Plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States. Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 28 U.S.C. §§1331 and 1343. Plaintiff also seeks damages under state law claims for Defendants' negligence, gross negligence, battery, and Plaintiff's injuries. Pike County is the location of all acts pertinent to this suit, and venue is therefore proper in this Court.

### III. Parties

5. Plaintiff currently resides in Leslie County, Kentucky, his address being the Leslie County Detention Center located at 2125 Kentucky Route 118 Hyden, Kentucky, and but was a resident of the Pike County Detention Center located at 172 Division Street, Pikeville, Kentucky on August 19, 2022.

6. Defendant Pike County, at all times mentioned herein, employed, was responsible for the establishment of policies either formally or by custom for, and was responsible for the training, supervision and conduct of, Defendants Hardin, Allen, Lindsey, Blevins and Hicks. Pike County was also statutorily responsible for the care and custody of inmates in its Jail pursuant to KRS Chapter 441, et. seq.

7. Defendant Brian Morris was at all times mentioned herein the Jailer of Pike County, Kentucky, and as such established policies either formally or by custom, and was responsible for the training, supervision and conduct of, Defendants Hardin, Allen, Lindsey, Blevins and Hicks. Morris was also statutorily responsible for the care and custody of inmates in the Jail, for the Jail's compliance with KRS 441.045(3), and for providing "necessary care" to the Jail's inmates as defined by KRS 441.045(10).

8. Defendants Hardin, Allen, Lindsey, Blevins and Hicks were at all times mentioned herein deputy jailers in the Jail, were directly responsible for attending to the medical needs, and for

the care and custody, of inmates in the Jail including Plaintiff, and personally and directly participated in the mistreatment of Plaintiff described below.

## IV.  Nature of Defendants' Conduct

9. Defendants, individually and in conspiracy with one another, engaged in the conduct described below under color of the law of the Commonwealth of Kentucky and Pike County. Defendants knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized, or approved the conduct described below.  The misconduct complained of herein resulted from, among other things, the failure of Defendant Pike County to train and supervise the conduct of Defendant Morris and employees of the jail properly or conscientiously. Plaintiff's injuries were a direct result of Defendant Morris's failure to properly, or conscientiously, train and supervise the conduct of his subordinates, and/or the failure of Defendants Pike County and Morris to promulgate appropriate operating policies and procedures either formally or by custom or to enforce existing policies to protect the constitutional rights of the citizens they are supposed to serve.  Defendants' conduct was intentional, objectively unreasonable, deliberately indifferent, negligent, and grossly negligent, indicated active malice toward Plaintiff and a total, deliberate and reckless disregard for and indifference to his health, safety, constitutional and common law rights, and justifies an award of punitive damages in addition to the actual damages he is entitled to recover.

## V.  Facts

10. On August 19, 2022, at approximately 1:25 a.m., Plaintiff was an incarcerated inmate residing in POD 06A at the jail awaiting transfer by the Kentucky Department of Corrections. On said date and at said time Defendant Allen entered POD 06A and became involved in a verbal disagreement with Plaintiff regarding Plaintiff's request to talk to a supervisor about conditions in his POD.

11. In response to the verbal disagreement Defendant Allen instructed Plaintiff to gather his belongings because he was being transferred to isolation for being "disrespectful" to which Plaintiff objected and denied that he was being disrespectful. Upon Plaintiff's objection to being placed in isolation, Defendant Allen radioed Defendant Hardin, known in the jail as the "Vanilla Gorilla", for assistance with Plaintiff. Defendant Hardin had a long-standing reputation in the jail for being violent with inmates and, on multiple occasions, causing inmates physical injury.

12. After hearing Defendant Allen radioing Defendant Hardin for assistance, Plaintiff gathered his belongings and went peacefully with Defendant Allen toward the isolation block in the jail.

13. While being escorted by Defendant Allen and carrying his assigned mattress, pillow and blanket in his arms, Plaintiff, and Defendant Allen, met Defendant Hardin in the hallway at which time Defendant Hardin stated to Plaintiff that he heard Plaintiff was "starting shit" to which statement Plaintiff denied. Defendant Allen then accused Plaintiff of "starting shit" back in his POD when he asked to see a supervisor regarding his POD's television privileges. Upon hearing Plaintiff's denial and Defendant Allen's reply, Defendant Hardin stated to Plaintiff "well let's just see how tough you are" and proceeded to slam Plaintiff to the ground while punching Plaintiff about the face, head and body over 20 times with a closed fist. Plaintiff did not strike back in anyway, at any time, during the attack by Defendant Hardin.

14. Defendant Allen, although he did not strike Plaintiff, participated in the violent attack on Plaintiff by radioing for Defendant Hardin's assistance when assistance was not needed, jumping on top of Plaintiff while he was being assaulted by Defendant Hardin, restraining Plaintiff's arms as he was attempting to shield himself from attack, holding him to the ground and not protecting Plaintiff from the violent attack by Defendant Hardin.

15. After Plaintiff was handcuffed and lying face-down on the ground of the jail floor, Defendants Hardin, Allen, Lindsey and Blevins picked Plaintiff up and, and with a fractured leg, forced him to walk down the hallway and into an elevator where Defendant Hardin again assaulted Plaintiff by slamming him against the back wall of the elevator, forcing him to stand on his broken leg in excruciating pain while being escorted to isolation.

16. With a broken leg, Plaintiff was forced by Defendants Hardin, Lindsey, Blevins and Allen to walk down two long hallways to an isolation cell. While Plaintiff was being escorted to isolation Defendant Hardin stated repeatedly to Plaintiff that he couldn't wait to get Plaintiff to isolation and out of the view of the jail cameras. When Plaintiff finally arrived at the isolation cell Defendant Hardin, in the presence of Defendants Allen, Lindsey and Blevins, resumed his violent assault on Plaintiff out of the view of jail cameras, striking Plaintiff several times with a closed fist about Plaintiff's head and body. Defendants Lindsey, Allen and Blevins witnessed Defendant Hardin's violent attack on Plaintiff and failed to protect Plaintiff from same.

17. One of Defendant Hicks' job responsibilities at the jail was to monitor the video surveillance cameras posted in the jail. As such he witnessed the initial attack on Plaintiff and failed to take any action to stop the attack or to protect Plaintiff from it or from further attacks out of the view of the cameras.

18. Defendants' conduct was a direct and foreseeable result of the failure of Defendants Pike County and Defendant Morris to enact, train on, and/or enforce policies concerning, among other things, treatment of inmates and the appropriate occasions for use of force.

19. Defendants Hardin, Allen, Lindsey, Blevins and Hicks' use of force in the course of the altercation with the Plaintiff was objectively unreasonable, deliberately indifferent, and malicious. Despite the involvement of no less than five jail officers – Hardin, Allen, Weston, Blevins and Hicks – none made any effort to restrain the excesses of the others, or to terminate the use of force or

inhumane treatment of the Plaintiff even after his leg was broken. Such Defendants' conduct was a direct and foreseeable result of the failure of Defendants Pike County and Defendant Morris to enact, train on, and/or enforce policies concerning, among other things, treatment of inmates, the appropriate occasions for use of force, and the proper use of force under the circumstances of this case.

VI. Causes of Action

Count 1
(Defendants' Violation of Plaintiff's Rights Under the Fourth, Eighth, and Fourteenth Amendments)

20. By virtue of the foregoing, Defendants used excessive force against the Plaintiff.

21. The Jail Defendants' conduct was intentional, reckless, deliberate, wanton, malicious and/or objectively unreasonable, and was indicative of their total, deliberate, reckless and/or unreasonable disregard of and indifference to Plaintiff's rights and the risk of harm to him occasioned by such conduct.

22. Plaintiff believes and, after reasonable discovery, will show that Plaintiff's treatment by Defendants was the result of policies, customs, and practices of Pike County either written or unwritten, and that such were the "moving force" behind Plaintiff's injuries, medical treatment, and continued suffering. Such policies, customs, and practices, constitute an arbitrary use of government power, and evince a total, intentional, deliberate and objectively unreasonable disregard for and indifference to the health and constitutional and common law rights of inmates at the Jail including Plaintiff, and the violations of those rights that would foreseeably result from the regular and systematic pursuit of such policies, customs, and practices.

23. Plaintiff's injuries are also a direct consequence of the failure of Defendants Pike County and Defendant Morris to promulgate policies and procedures, or to train their officers and

employees on and enforce existing policies and procedures, to identify and deal with inmates and in the appropriate occasion for and use of force.

24. As a result of the foregoing, Plaintiff, through Defendants' intentional, objectively unreasonable, deliberately indifferent, reckless, malicious conduct, was subjected to cruel and unusual punishment and injured, both temporarily and permanently and without due process of law in violation of the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §1983.

### Count 2
(The Individual Defendants' Negligence and Gross Negligence)

25. By virtue of the foregoing, the individual Defendants named above were negligent and grossly negligent.

### Count 3
(Defendants Hardin and Allen's Battery of Plaintiff)

26. By virtue of the foregoing, Defendants Hardin and Allen battered Justin.

### Count 4
(Defendants Pike County and Brian Morris' Negligent Retention)

27. By virtue of the foregoing, Defendants Pike County and Brian Morris knew or should have known that Defendant James Hardin was unqualified to be in the position he held when Plaintiff was injured. Defendants Pike County and Brian Morris allowed Defendant James Hardin to continue as an employee even after they became aware of his pattern of incompetence and misconduct toward inmates. Defendants Pike County and Morris' reckless and negligent retaining of Defendant Hardin as an employee of the Pike County Detention Center led directly and indirectly to the injuries sustained by Plaintiff on August 19, 2022.

### VII. Damages

28. As a direct and proximate cause of the foregoing, Plaintiff's suffering and injuries were unnecessary, preventable, and unrelated to any legitimate governmental objective, and he is therefore

entitled to recover for the wanton and unnecessary physical and mental pain and suffering he has endured and will continue to endure in the future. Also, Defendants' violations of Plaintiff's constitutional and common law rights were cruel, malicious, and evinced a total and reckless disregard for his life and those rights, entitling Plaintiff to recover punitive damages from Defendants in order to deter such misconduct in the future.

      WHEREFORE, Plaintiff requests a trial by jury, and further request that he be awarded actual and punitive damages, pre- and post-judgment interest, costs, attorneys' fees pursuant to 42 U.S.C. §1988, and all other relief to which they are entitled under law or in equity.

                                              Respectfully submitted,

                                              /s/ Christian R. Harris
                                              Christian R. Harris
                                              crharris@suddenlinkmail.com
                                              P.O. Box 257
                                              Williamson, West Virginia  25661
                                              304/235-2131

                                              Counsel for Plaintiff